IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**CARL C. FOSTER,**

 **Plaintiff,**

v.             Case No. 2:14-cv-28364

**WV SUPREME COURT CLERK'S OFFICE**
**and KANAWHA COUNTY CLERK'S OFFICE,**

 **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On November 17, 2014, the plaintiff, Carl C. Foster, filed a Letter-Form Complaint (ECF No. 2) and an Application to Proceed *in forma pauperis* (ECF No. 1). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

This is one of eight Complaints filed by the plaintiff in this federal court since August of 2014. The instant Complaint states as follows:

> I recently filed an appeal with the Supreme Court of West Virginia concerning Kanawha County cases 14-C-1321 against Municipal Judge Hon. Anne Charnock and 14-C-1324 against attorney Paul Stroebel. Both were dismissed by Kanawha County. In filing these cases for the appeal, the Clerk of the WV Supreme Court mislead me in what I alleged was in a fraudulent and corrupt way. I have several cases in the Supreme Court of West Virginia, and am continually threatened, harassed, discriminated against, and more by these court personnel. In the two cases mentioned above, I pleaded by reason of illness to file the appeals slightly out of time. I still have the note of the clerk in her handwriting illustrating what and how. This

> same clerk fraudulently and corruptedly filed (stamped) my submission with a Kanawha County stamp and neglected to stamp the actual appeal. She stamped the motion to file out of time request, but not the actual appeal. These cases were already dismissed by Kanawha County, so why would I initiate an appeal to Kanawha County; also Kanawha County has no records of this appeal because I filed them w/ the West Virginia Supreme Court. September 8 is my birthday and I vividly remember filing this papers w/ the WV Supreme Court on that day the clerk responsible for this tragic violation of law and order even wished me happy birthday.

(ECF No. 2 at 1-2). However, the Complaint makes no specific request for relief.

## **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), because the plaintiff is proceeding without prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual

allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## ANALYSIS

### A. The Complaint fails to state a plausible claim upon which relief can be granted.

The plaintiff's Complaint is liberally construed to be brought under 42 U.S.C. § 1983, which provides as follows:

> Every person who under color of any statute, ordinance, regulation, custom or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States], shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

3

42 U.S.C. § 1983. Section 1983 is not, in and of itself, a source of substantive rights; rather, it merely provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Thus, a plaintiff must allege both a violation of a right secured by the Constitution or laws of the United States and that a person acting under color of state law committed the alleged violation. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011).

The Complaint does not specifically allege the violation of any provision of the United States Constitution or other federal laws. However, it generally asserts that the plaintiff was "discriminated against" by "court personnel." Nonetheless, the Complaint names only the "WV Supreme Court Clerk's Office" and the "Kanawha County Clerk's Office" as the defendants. It does not identify any individual who allegedly engaged in the conduct complained of, and the Clerk of the Court, or the office thereof, generally cannot be held liable under a theory of *respondeat superior* for the conduct of its employees. *See Monell v. Dep't of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 691 (1978).

Moreover, the *Iqbal* Court clarified that, in order to state a claim for supervisory liability, "a plaintiff must plead that each [supervisory] defendant, through the official's own individual actions, has violated the Constitution." 556 U.S, at 676; *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250, 1252–53 (10th Cir.2008) (dismissing supervisory liability claim where complaint failed to "isolate the allegedly unconstitutional acts of each defendant"). Thus, the plaintiff cannot sufficiently state a plausible claim for relief simply by naming the offices of each Clerk of Court and failing to identify the person or persons who allegedly engaged in the conduct complained of.

Finally, even if the plaintiff's Complaint is liberally construed to be alleging a claim of denial of access to the courts, it appears that the appeals addressed in the Complaint were considered by the Supreme Court of Appeals of West Virginia (the "SCAWV") and the decisions of the Circuit Court were affirmed.[1] Thus, the plaintiff cannot demonstrate that he was denied access to the courts as a result of the conduct alleged in his Complaint and cannot demonstrate any injury therefrom.

### B. Eleventh Amendment immunity.

A court clerk generally does not enjoy absolute immunity for ministerial, as opposed to discretionary, functions. S*ee McCray v. Maryland*, 456 F.3d 1, 5 (4th Cir. 1972).[2] However, both the Clerk of the Supreme Court of West Virginia and the Clerk of the Kanawha County Circuit Court are employees of the State of West Virginia and, thus, are subject to sovereign immunity under the Eleventh Amendment on claims made against them in their official capacities. The Eleventh Amendment to the United States

---

[1] As evident from documentation filed in one of the plaintiff's other civil actions filed in this court (Case No. 2:14-cv-24232), this court may take judicial notice of the fact that the plaintiff filed a civil action in the Circuit Court of Kanawha County styled as *Foster v. Charnock*, Case No. 14-C-1321, in which he alleged that people charged with similar crimes to his were given earlier trial dates by Judge Charnock. On August 11, 2014, the Honorable Charles E. King, Circuit Judge, dismissed Case No. 14-C-1321 pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Judge King found that Judge Charnock has judicial immunity for such claims. (*See* "Order Dismissing Case," *Foster v. Charnock,* No. 14-C-1321 (Kan. Co. Cir. Ct., Aug. 11, 2014) (also docketed in Case No. 2:14-cv-24232 in this court as ECF No. 8 at 11-12). The plaintiff appealed that decision to the SCAWV, which affirmed the dismissal on November 18, 2014. *See* "Order," *Foster v. Charnock*, No. 14-0901 (W. Va. Sup. Ct., Nov. 18, 2014) (also docketed in Case No. 2:14-cv-24232, ECF No. 8 at 20).

The plaintiff also filed a civil action in the Circuit Court of Kanawha County styled as *Foster v. Stroebel & Johnson, PLLC*, Case No. 14-C-1324, in which he challenged the conduct of lawyers he sought to represent him in other matters. On July 29, 2014, the Honorable Tod J. Kaufman, Circuit Judge, dismissed Case No. 14-C-1324 pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure for failure to state a claim upon which relief can be granted. (*See* "Order on Motion to Dismiss," *Foster v. Stroebel & Johnson, PLLC*, No. 14-C-1324 (Kan. Co. Cir. Ct., July 29, 2014) (also docketed in Case No. 2:14-cv-24232 in this court as ECF No. 8 at 13-14). The plaintiff appealed that decision to the SCAWV, which affirmed the dismissal on November 18, 2014. *See* "Order," *Foster v. Stroebel & Johnson*, No. 14-0667 (W. Va. Sup. Ct., Nov. 18, 2014) (also docketed in Case No. 2:14-cv-24232, ECF No. 8 at 19). The plaintiff then filed the instant civil action on December 2, 2014.

[2] Filing or docketing of appeal documents is generally considered to be a ministerial function.

5

Constitution provides that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const., Amend. XI.[3] It is clear that, regardless of the relief sought, the Eleventh Amendment bars suits by private citizens against a state, or its officials, in federal court, unless the state has specifically waived its right to immunity. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-99, 101 (1984).

A state can only waive its sovereign immunity by unequivocal expressions or actions. *Id.* at 99; *see also Edelman v. Jordan*, 415 U.S. 651, 673 (1921). Similarly, Congress can abrogate a state's immunity only where it has unequivocally expressed its intent to do so, and only where it has validly exercised its power. *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996).

The plaintiff has not raised any claims under a statute in which Congress has clearly and unequivocally abrogated the State's Eleventh Amendment immunity, and the plaintiff has failed to assert a meritorious argument that the State of West Virginia has waived its sovereign immunity. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the defendants herein are immune from suit in this federal court under the Eleventh Amendment to the United States Constitution.

---

[3] Although not expressly stated in the amendment, the Eleventh Amendment has been held to bar suits against a state, or its officials, by its own citizens as well. *See Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974). Such is the case here.

## RECOMMENDATION

Based upon the proposed findings contained herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Complaint (ECF No. 2), in its entirety, pursuant to 28 U.S.C. § 1915(e)(2)(B).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

October 27, 2017

Dwane L. Tinsley
United States Magistrate Judge